Víctor Rivera Santiago, demandante y apelante, *v.* R. Cobián Chinea & Co., Inc., y César Heylinger, demandados y apelados.

Núm. 9677.—*Sometido:* Abril 2, 1948. *Resuelto:* Abril 9, 1948.

*José C. Jusino,* abogado del apelante; *Vicente Géigel Polanco,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Esta es una apelación contra sentencia que declaró sin lugar una demanda de desahucio a base de una excepción previa[1] de insuficiencia de hechos constitutivos de causa de acción.

██ La demanda, sustancialmente, alega que el demandante adquirió un edificio radicado en la ciudad de Bayamón, por compra en pública subasta, por precio de $50,000; que a virtud de contratos de arrendamiento celebrados con el anterior dueño, la planta baja se halla ocupada por un establecimiento comercial de la demandada R. Cobián Chinea & Co., Inc. y la alta por el codemandado Dr. César Heylinger; que dada la fuerte inversión que hizo el demandante para adquirir esa finca, *y considerando su estado general, para protección de la misma,* así como de los intereses del demandante, de buena fe desea recobrar su posesión, "para demoler parcialmente parte del edificio, para adicionarlo, y además introducirle *reparaciones y mejoras urgentes y de importancia*" (bastardillas nuestras); que en estas obras empleará una suma no menor de $12,000; que los planos de dicha ampliación y reparaciones han sido aprobados por el Departamento de lo Interior de Puerto Rico, el que además le ha concedido el correspondiente permiso para dichas obras; que se ha asegurado en el Fondo del Seguro del Estado; y por último, que el demandante concedió a los demandados un plazo de noventa días para desalojar el edificio y vencido éste les dió una prórroga, la cual también expiró sin que los demandados entregaran la propiedad.

En apoyo de la excepción previa invocan los demandados el artículo 12(*d*) de la Ley núm. 464 Sobre Alquileres Razonables, aprobada el 25 de abril de 1946 (pág. 1327),

[1] El demandante la tituló "Moción de Desestimación", pero no siendo las Reglas de Enjuiciamiento Civil aplicables a los pleitos de desahucio, la llamaremos "Excepción Previa".

complementado por el artículo 4 de la misma Ley, según fué enmendado por la Ley núm. 395 de 13 de mayo de 1947 (pág. 757).

El primero de dichos artículos prescribe que procederá el desahucio contra inquilinos, entre otros casos, ''cuando el propietario demuestre a satisfacción del tribunal que desea de buena fe recobrar el local a fin de demolerlo total o parcialmente *con la intención de construir un nuevo edificio* . . . . ''. (Bastardillas nuestras.)

Y el artículo 4, según quedó enmendado, hizo extensivas las disposiciones de la Ley Sobre Alquileres Razonables a ''edificios y locales para negocios, despachos y consultorios profesionales, oficinas y propósitos comerciales . . . . ''.

Arguyen los demandados que la demanda es insuficiente porque no alega que el demandante se propone demoler el edificio para construir uno nuevo.

No hay duda alguna, de conformidad con el texto del artículo 12($d$) que el dueño de un edificio tiene derecho a establecer la acción de desahucio cuando de buena fe y cumplidas las demás condiciones establecidas en el referido artículo, trata de recobrar el inmueble para demolerlo, total o parcialmente, con la intención de construir un nuevo edificio. Ni la letra ni el espíritu de la Ley autorizan, sin embargo, al propietario, para desahuciar por el mero hecho de que tenga el propósito de hacer adiciones o modificaciones más o menos importantes. En el presente caso la demanda no alega que el propietario tenga el propósito de construir un nuevo edificio, pero sí que necesita hacer reparaciones urgentes y necesarias en defensa de la propiedad. Es verdad que la Ley Sobre Alquileres Razonables no autoriza, por sus propios términos, la acción de desahucio cuando el propietario necesita hacer reparaciones urgentes y razonablemente necesarias para salvar de la ruina su propiedad; sin embargo, sostiene el demandante que el ar-

tículo 12(d) de dicha Ley no puede ser interpretado en el sentido de que el dueño de un edificio arrendado tenga que cruzarse de brazos sin poder hacer una reparación indispensable para salvar de la ruina su propiedad.

Esa interpretación es muy plausible y de contener la demanda las alegaciones adecuadas, sin duda suscitaría una seria cuestión constitucional relacionada con la privación de la propiedad sin el debido procedimiento de ley.

Es significativo que el artículo 209 de la Ley Federal titulada ''Housing and Rent Act of 1947'', el cual persigue el mismo objetivo que el 12(d) de la Ley Sobre Alquileres Razonables, quizás para salvar la constitucionalidad de la ley, concede el derecho de desahucio cuando las alteraciones o reparaciones sean razonablemente necesarias para proteger y conservar el edificio y no puedan llevarse a efecto sin que el inquilino lo desocupe.

Si bien en la demanda de este caso se alega que las reparaciones o modificaciones que se propone hacer el demandante son urgentes y necesarias, esa alegación es insuficiente. Para que el demandante pueda levantar la cuestión constitucional antes indicada, precisa alegar que las reparaciones o modificaciones son necesarias para salvar de la ruina su propiedad y que no pueden llevarse a cabo a menos que los inquilinos, o algunos de ellos, desocupen el inmueble. A ese fin la demanda es susceptible de enmienda. *Por consiguiente, procede, en bien de la justicia, dejar sin efecto la sentencia y devolver el caso para dar una oportunidad al demandante de enmendar su demanda, si le fuere posible, en los términos antes indicados. Si la demanda fuera así enmendada, estaríamos en condiciones de pasar sobre la cuestión constitucional.*