José C. Rodríguez Favale, peticionario, *v.* Corte de Distrito de Mayagüez, Hon. R. Ramírez Pabón, Juez, demandada; Juan C. Lugo, interventor.

Núm. 5.—*Sometido:* Enero 12, 1949. *Resuelto:* Enero 31, 1949.

*Carlos García Méndez*, abogado del peticionario; *Eudaldo Báez García* y *A. Nazario Janer,* abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En 1947 el peticionario radicó esta acción de desahucio para desalojar al demandado de la planta baja de un edificio de dos pisos de su propiedad. El demandado ocupa la planta baja de este edificio para fines comerciales bajo un contrato de arrendamiento de mes a mes. El demandante radicó su acción a tenor con el inciso 12(*d*) de la Ley de Alquileres Razonables, Ley núm. 464, Leyes de Puerto Rico, 1946 ((1) pág. 1327), que prescribe en parte como sigue:

"Sólo podrá promoverse el desahucio contra inquilinos en los siguientes casos:

" " .  .  .  .  .  .  .

" (*d*) Cuando el propietario demuestre a satisfacción del tribunal que desea de buena fe recobrar el local a fin de demolerlo total o parcialmente con la intención de construir un nuevo edificio, siempre que los planos para tal construcción hayan sido debidamente presentados y aprobados por la autoridad correspondiente . . . ".(¹)

Luego de un juicio en los méritos, la corte municipal dictó sentencia a favor del demandante, de la cual apeló el demandado. En la corte de distrito, al finalizar la prueba del de-

---

(¹) Esta disposición fué enmendada posteriormente. Inciso 12–A, 8, tal cual se encuentra en la Ley núm. 201, Leyes de Puerto Rico, 1948 ((pág. 575). Pero los términos de la enmienda y el inciso 12(*d*) son sustancialmente similares en lo que se refiere al caso ante nos.

mandante, el demandado presentó una moción de *nonsuit,* que la corte inferior declaró con lugar. La corte de distrito declaró sin lugar una moción para que reconsiderara su referida resolución. Expedimos el auto de *certiorari* para revisar la resolución antes mencionada.

El arquitecto e ingeniero del demandante declaró sustancialmente que, de acuerdo con los planos preparados, el edificio sería demolido desde el techo hasta el primer piso, quedando en pie únicamente las cuatro paredes de ladrillo. Las puertas, ventanas, divisiones interiores, el plafón y el techo serían destruídos. Con sólo las cuatro paredes en pie, sin el techo, nadie podría ocupar parte alguna del edificio mientras se efectuase la obra reflejada en los planos. Éstos incluían tales obras como nuevos pisos de concreto, reforzar el edificio con columnas y vigas empotradas en las paredes, y un techo nuevo de zinc.

Al declarar con lugar la moción de nonsuit, la corte de distrito recurrió a las definiciones de la palabra "demolición" según aparecen en los diccionarios. Pero no tomó en consideración que el inciso 12(*d*) no exige la demolición total. Basta la demolición parcial para cumplir con el requisito estatutario. Es cierto que el estatuto también exige la intención de construir un edificio "nuevo". Pero este último requisito no quiere decir que no puedan quedar trazas del edificio anterior. Si así lo resolviéramos, estaríamos frustrando la intención legislativa al efecto de que era suficiente la demolición parcial. Cuando se leen conjuntamente los requisitos para demolición parcial y construcción de un nuevo edificio, es obvio que la Legislatura tuvo en mente la situación en que un lego creería que ahora tenía lo que esencialmente era un edificio nuevo, no obstante el hecho de que algunas partes del edificio anterior fueron dejadas en pie y utilizadas. Nos damos cuenta de que en algunos casos podría ser difícil para las cortes aplicar la norma establecida en el inciso 12(*d*). Pero el presente caso claramente estaba cu-

546

bierto por sus términos. *Pagán* v. *Otero*, 68 D.P.R. 919. *Cf. Rivera* v. *Cobián Chinea & Co.*, 68 D.P.R. 571. La corte de distrito cometió error como cuestión de derecho al declarar con lugar la moción de nonsuit.(²)

*La resolución de la corte de distrito será anulada, y se devolverá el caso con instrucciones de que proceda a oír la prueba del demandado.*

(²)No damos importancia alguna al hecho de que los planos aprobados en relación con esta edificación indicaban que eran para reparar y modificar más bien que para construir un nuevo edificio. El contenido de los planos era lo decisivo, no el nombre que a los mismos se les diera.