RALUAN CORPORATION, demandante y apelante, *v.* WILLIAM FELICIANO, AGUSTÍN SANTIAGO y LUZ M. PAGÁN, SERGIO NEGRÓN y JOSÉ NUN, demandados y apelados.

*Número:* O-80-336        *Resuelto:* 26 de octubre de 1981

*Jorge Benítez Gautier*, abogado de la apelante; *Juan E. Pérez Reilly*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Raluan Corporation es dueña de un edificio de doce plantas dividido en locales comerciales y apartamientos de vivienda ubicado en la Calle Marina de la ciudad de Ponce. Instó cuatro demandas de desahucio contra cada uno de los inquilinos apelados que ocupan los locales comerciales del primer piso identificados con los números 1, 2, 3 y 4 mediante contratos de arrendamiento sin término fijo y con un canon mensual de $100, $130, $150 y $170 respectivamente. Alegó que deseaba retirar de buena fe y permanentemente del mercado de alquileres cada uno de los cuatro locales.

La prueba presentada por la apelante en el juicio fue a los efectos de que una vez tuviera la posesión de dichos locales ella procedería a agruparlos el uno al otro para ofrecer el espacio total agrupado a un solo arrendatario por el canon de $3,000 mensuales; que de no conseguir uno solo, se dividiría en dos porciones que se arrendarían a $1,500 mensuales cada uno y en última instancia se dividirían en tres a $1,000 cada uno. Surge, además, de la exposición narrativa que la obra de remodelación tomaría alrededor de un año y que el espacio se usaría durante ese tiempo para fines de almacenaje; que la apelante no tenía necesidad del espacio para almacenaje ya que existían otras unidades en el edificio que podían ser utilizadas para tal propósito, y que se habían escogido los locales de marras por ser los de menos renta en el piso.

El tribunal de instancia denegó el desahucio al no darle crédito al único testigo presentado por la apelante y al concluir que la única razón para el desahucio era la baja renta autorizada por el Departamento de Asuntos del Consumidor y, además, que no se trajo prueba —como la preparación de planos— que acreditara que la apelante proyectara de buena fe la remodelación del edificio.

No conforme la apelante nos pide la revocación de la sentencia aduciendo que la desestimación de la demanda constituye una negación de su derecho constitucional a

retirar permanentemente del mercado de alquileres cada uno de los locales concernidos. No tiene razón.

■ No se discute ya el derecho fundamental del dueño de la propiedad alquilada para retirarla del mercado. Más aún, cuando el rendimiento económico del canon no justifica la inversión. *Cf. Agulló* v. *ASERCO*, 104 D.P.R. 244 (1975); *Balbás Peña* v. *ASERCO*, 104 D.P.R. 815 (1976). Hace más de un cuarto de siglo que este Tribunal reconoció que podían ser varias las razones de un casero para retirar la propiedad arrendada del mercado de alquileres, pero también advertimos que cualquiera que fuera la razón ésta estaba sujeta a la indagación de la buena fe. *Roselló Hnos.* v. *Figueroa*, 78 D.P.R. 261, 275 (1955).

■ En el presente caso la apelante notificó por escrito a cada uno de los apelados que se proponía retirar del mercado de alquileres los locales ocupados por ellos y, una vez obtenida la posesión, se reservaría el espacio para su propio uso. En la demanda de desahucio se limitó a alegar que deseaba retirar permanentemente del mercado de alquileres los locales concernidos. La prueba, sin embargo, demostró que no era la intención de la apelante retirarlos del mercado, puesto que los locales continuarían en el mercado de alquileres, salvo que se llevaría a cabo una reagrupación de los locales con un aumento considerable del canon a $3,000 mensuales por el total del espacio agrupado; o $1,500 por cada local en caso que decidiera dividirlos en dos, o $1,000 en caso de que la división fuera de tres locales. Siendo esta la situación, no procedía que se invocara, como razón de pedir, el retiro permanente del mercado, que es la modalidad estaduida en el Art. 12-A de la Ley de Alquileres Razonables. 17 L.P.R.A. sec. 193(6). Por consiguiente, tampoco tiene fundamento alguno la impugnación de la constitucionalidad de la ley por alegadamente negarle el derecho a retirar los locales del mercado, pues la intención de la apelante es mantener los locales en el mercado de alquileres.

Quizá el caso podría ajustarse a la modalidad estatuida en el Art. 12-A(7) de la Ley de Alquileres Razonables, que se refiere al derecho del dueño de recobrar el inmueble para demolerlo total o parcialmente con la intención de construir un nuevo edificio. 17 L.P.R.A. sec. 193(7). Bajo esta modalidad no es necesario demostrar la demolición total como tampoco lo es la intención de construir un nuevo edificio. A este respecto señalamos en *Rodríguez* v. *Corte,* 69 D.P.R. 543, 545 (1949), que: "Cuando se leen conjuntamente los requisitos para demolición parcial y construcción de un nuevo edificio, es obvio que la Legislatura tuvo en mente la situación en que un lego creería que ahora tenía lo que esencialmente era un edificio nuevo, no obstante el hecho de que algunas partes del edificio anterior fueron dejadas en pie y utilizadas. Nos damos cuenta de que en algunos casos podría ser difícil para las cortes aplicar la norma establecida en el inciso 12(*d*)."

■ La llamada demolición total no se refiere pues al edificio de doce pisos sino tan solo a los cuatro locales objeto de este recurso, que con la remodelación pierden su identidad y se convierten en "nuevos" locales. La aplicación de esta modalidad, sin embargo, requiere la observación rigurosa de los requisitos estatuidos en el Art. 12-A, cuyo cumplimiento determina, en efecto, la existencia de buena fe. Dichos requisitos consisten esencialmente en: a) la remodelación no se puede llevar a cabo sin el desahucio, b) planos y permisos de ley deben haber sido obtenidos previamente por el propietario, c) notificación fehaciente con seis meses de antelación al desahucio, d) inicio de la obra dentro de dos meses del desahucio, entre otros.

El apelante no presentó prueba sobre ninguno de estos requisitos, conforme aparece de las propias determinaciones de hechos del tribunal de instancia, y, por tanto, tampoco procedía el desahucio bajo esta modalidad.

Con respecto al señalamiento relativo a la imposición de honorarios de abogado, no encontramos en el expe-

diente justificación para intervenir con la discreción ejercitada por el tribunal de instancia.

*Se dictará sentencia que confirme la apelada.*

El Juez Asociado Señor Dávila disiente sin opinión. El Juez Asociado Señor Irizarry Yunqué no intervino.