# 97 DTA 119

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**

CHARLIE LA COSTA SAMPEDRO Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR EL Y SU ESPOSA ELBA GOTAY GUZMAN
Demandantes-Apelantes

v.

IGLESIA CRISTIANA DISCIPULOS DE CRISTO
Demandados-Apelados

Núm. KLAN-96-00596

San Juan, Puerto Rico, a 15 de mayo de 1997

Panel integrado por su Presidente, el Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

Broco Oliveras, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

En el presente recurso de apelación se impugna la sentencia del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 6 de mayo de 1996, cuyo archivo en autos de copia de su notificación se realizó el 13 de mayo de 1996. Mediante la referida sentencia se declaró sin lugar una demanda de retracto presentada por un colindante, al concluir el tribunal sentenciador que el predio en cuestión era urbano, lo que hace improcedente el retracto.

Somos del criterio que el tribunal *a quo* no erró al así decidir, con excepción de lo dispuesto sobre honorarios de abogado, por lo que procedemos a modificar la sentencia en cuanto a ese aspecto y una vez modificada de la forma expresada la confirmamos.

# I

Los hechos del presente caso se exponen en lo sucesivo.

El 11 de junio de 1994, el Sr. Charlie La Costa Sampedro, el apelante, adquirió una finca ubicada en el Barrio Hato Tejas de Bayamón. El 24 de junio de 1994, la Iglesia Cristiana Discípulos de Cristo de P.R, Inc., (la Iglesia), adquirió otra finca que colinda con la antes mencionada. Las fincas colindantes no están separadas por arroyos, acequias, barrancos, caminos u otras servidumbres aparentes. La finca de la Iglesia tiene una cabida inferior a una hectárea. En la descripción registral correspondiente, la finca de la Iglesia aparece descrita como *"rústica"*. Para la fecha de la compraventa y para la fecha de la vista evidenciaria (27 de febrero de 1996) la finca de la Iglesia se encontraba baldía. La Iglesia pagó la suma de $340,000 por la finca en cuestión. ■

El apelante, quien no es agricultor, es dueño del negocio Charlie Auto, dedicado a la venta de automóviles. Dicho negocio se encuentra al otro lado de la Carretera 168, frente a las fincas colindantes antes mencionadas. El predio de terreno que ocupa Charlie Auto y las fincas colindantes eran parte de una finca mayor que pertenecía a la señora madre del apelante. Dicha finca fue dividida en el año 1949 para permitir la construcción de la carretera, quedando de un lado de dicha carretera el solar de Charlie Auto y, del otro lado, las fincas colindantes. Estos terrenos habían sido dedicados, por la familia del apelante, al pastoreo de vacas y caballos y a la crianza de aves. La señora madre del apelante vendió las fincas colindantes a los miembros de la sucesión Fournier quienes dejaron el terreno baldío, ya que no se dedicaban a la ganadería ni a la agricultura. Los miembros de la Sucesión Fournier fueron los que vendieron una de las fincas colindantes al apelante y la otra, a la Iglesia.

Una vez realizada la compraventa de la finca en cuestión a favor de la Iglesia, el apelante instó una demanda apoyándose en el Art. 1413 del Código Civil, 31 L.P.R.A. sec 3923, sobre retracto de colindantes de fincas rústicas consignando en el tribunal la suma pagada por la Iglesia. La controversia determinante en el presente caso a ser dilucidada en una vista evidenciaria fue si el predio en cuestión era rústico o urbano. Luego de la vista evidenciaria celebrada el 27 de febrero de 1996, el tribunal *a quo* determinó que se trataba de un predio urbano y, en consecuencia, denegó la reclamación del apelante

Al no encontrarse conforme con el dictamen del tribunal, el apelante instó la presente apelación y le imputo al tribunal la comisión de los siguientes errores:

*"1. Erró el Honorable Tribunal de Instancia al hacer referencia y utilizar como fundamentos para su decisión la situación **actual** de la finca y no la del momento del retracto."*

*2. "Erró el Honorable Tribunal de Instancia en la apreciación de la prueba y en algunas de sus determinaciones de hechos."*

*3. "Erró el Honorable Tribunal de Instancia al resolver que no procedía el retracto por tratarse de un predio urbano."*

*4. "Erró el Honorable Tribunal de Instancia al resolver que medió temeridad de la parte demandante."*

# II

Procedemos a discutir en el primer término el señalamiento de error número 3.

El Artículo 1413 del Código Civil, 31 L.P.R.A sec. 3923, dispone lo siguiente:

*"También tendrán el derecho de retracto los propietarios de las tierras colindantes cuando se trate de la venta de una finca rústica cuya cabida no exceda de una hectárea.*

*El derecho a que se refiere el párrafo anterior no es aplicable a las tierras colindantes que estuvieren separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas.*

*Si dos o más colindantes usan del retracto al mismo tiempo, será preferida el que de ellos sea dueño de la tierra colindante de menor cabida; y si las dos la tuvieren igual, el que primero lo solicite."*

Según lo establecido en el Artículo 1414 del Código Civil, 31 L.P.R.A. sec. 3924, el término para ejercitar el retracto de colindantes es de nueve (9) días contados desde la inscripción en el Registro de la Propiedad y, en su defecto, desde que el retrayente hubiera conocido de la venta.

En cuanto a la Exposición de Motivos de la edición reformada del Código Civil Español, se otorga este retracto *"para facilitar, con el transcurso del tiempo, algún remedio a la división excesiva de la propiedad territorial, allí donde este exceso ofrece obstáculo insuperable al desarrollo de la ríqueza".* García Cantero Gabriel, *Comentarios al Código Civil y Compilaciones Forales,* Editorial Revista de Derecho Privado, Tomo XIX, pág. 661. El retracto de colindantes responde a un interés público y se ha sostenido que es posible cumplir con los requisitos formales del Art. 1414, *supra,* y, sin embargo, ser desestimada la demanda por incumplimiento de la finalidad del retracto. García Cantero, G., *ob. cit.,* pág. 662. La finca que puede ser objeto del retracto de colindantes tiene que ser necesariamente rústica.

El predio rústico se distingue fundamentalmente del urbano: (1) por su situación o emplazamiento en el campo o en la población; (2) por el aprovechamiento o destino (explotación agrícola, pecuaria o forestal, frente a vivienda, industria o comercio) y (3) por la preponderancia de uno de estos elementos si ambos concurren en un mismo predio, o por la relación de dependencia que entre ellos exista. García Quintero, G., *ob. cit.,* pág. 665. Resulta más difícil, la clasificación de rústica o urbana, en zonas en vías de transformación, estableciéndose como criterios diferenciales los siguientes: (1) la ubicación, diferenciando las zonas rurales dedicadas exclusivamente a los cultivos agrícolas, y las urbanas, sitas en agrupaciones de viviendas existentes o proyectadas, y (2) las comunicaciones, directamente entroncadas con las vías públicas ya construidas o programadas. García Cantero, G., *ob. cit.,* pág. 666.

Según Scaevola los predios rústicos serán aquellos sitos fuera de poblado, dedicados principalmente al cultivo o a la ganadería; los predios urbanos, serán aquellos sitos en poblados y dedicados primordialmente a vivienda o morada del hombre. Scaevola, Código Civil, Tomo XXIII, Vol. 2, Edición 1970, pág. 516. Continúa exponiendo Scaevola que la calificación de rústica o urbana de una finca dependerá de la armonización global de cuatro criterios: (1) situación (en el campo o la ciudad), (2) construcción (destinado o no a la edificación), (3) destino (vivienda o explotación agrícola) y (4) accesoriedad (cuando una finca es dependiente de la otra la cual es rústica o urbana). Scaevola, *ob. cit.,* págs. 516, 517. Señala Scaevola que la calificación (rústica o urbana) que se le de en el Registro a una finca, no es determinante de su naturaleza. *Id.,* pág. 524. Esto es así, ya que la calificación que se incluye en el Registro es la declarada por las partes y puede no describir la naturaleza real y efectiva de la finca.

El apelante impugna la conclusión del tribunal *a quo* respecto a la naturaleza urbana de la finca en cuestión Señala el apelante que hubo prueba indicativa de que dicha finca fue dedicada a la ganadería y al pastoreo y que la misma nunca sirvió para vivienda o morada de personas. Es nuestro criterio que no debemos alterar la conclusión del tribunal apelado sobre la naturaleza urbana de la finca en cuestión. En primer lugar, no debemos intervenir con las sentencias que emitan los tribunales de primera instancia en ausencia de indicios de pasión, prejuicio o parcialidad o error manifiesto de parte del foro sentenciador, o a menos que nos convenzamos de que las determinaciones de hechos del tribunal sentenciador no representan el balance más racional, justiciero y jurídico de la totalidad de la evidencia que desfilara ante dicho foro judicial. *Sánchez Rodríguez v. López Jiménez,* 115 D P.R. 172, 181 (1985); *Pérez Cruz v. Hospital La Concepción,* 115 D.P.R. 721 (1984). En segundo lugar, el uso agrícola o como vivienda de la finca son solamente algunos de la totalidad de los criterios evaluados por el tribunal *a quo* para concluir que se trata de un predio urbano. Dicho tribunal basó su conclusión de que estamos ante un predio urbano, principalmente, por la cercanía de locales comerciales, urbanizaciones y vías de comunicación principales, porque ninguna finca cercana se dedica a ganadería o a la agricultura y porque la densidad del área convierte en un predio urbanizable. Concluimos que la preponderancia de los testimonios citados en el texto de sentencia del tribunal *a quo* sostiene la conclusión que se trata de un predio urbano por lo que no alteraremos dicha

determinación del tribunal sentenciador.

En el señalamiento de error número 1, el apelante le imputa al tribunal *a quo* el haber decidido la cuestión sobre la naturaleza urbana de la finca haciendo referencia a tiempo posterior al del momento del retracto. Señala el apelante que el tribunal utilizó frases como *"en la actualidad, y por varios años" (determinación de hecho número 5)*, *"la finca que hoy ocupa Charlie Auto"* (determinación de hecho número 10) y *"ni al momento del retracto, ni al día de hoy"* (determinación de hecho número 14). Entendemos que este señalamiento de error es inmeritorio. Las referencias del tribunal a momentos posteriores a la transacción que motivó la presente demanda conllevan una afirmación de que la situación posterior a dicha transacción es igual a la de la fecha de la transacción. Las otras manifestaciones sobre momentos posteriores al retracto no desvirtúan las conclusiones del tribunal en cuanto a si procede o no el retracto.

En el señalamiento de error número 2, el apelante señala que el tribunal erró en la apreciación de la prueba. Alega que es erróneo decir que el solar colindante pertenece al señor La Costa, en vez de a la sociedad de gananciales que existe entre el señor La Costa y su esposa. Igualmente se aduce que el señor La Costa no es dueño de Charlie Auto, cuando el mismo es presidente de Charlie Auto Sales, Inc. Aparte de si las referidas conclusiones son o no erróneas, las mismas no afectan en nada los fundamentos de la sentencia. Los supuestos errores en la apreciación de la prueba son inmeritorios.

El tribunal *a quo* concluyó en las determinaciones de hechos 13 y 14 que se testificó que la finca está localizada en suelo urbano, que por la densidad de las viviendas en el área no puede ubicarse la misma en suelo rústico, que es una finca urbanizable, que no es para el momento del retracto una finca agrícola ni de pastoreo y que la misma es residencial, comercial e industrial. Plantea el apelante que el tribunal *a quo* debió concluir que aunque la finca no estuviera en suelo rústico, la misma era susceptible de usarse para fines agrícolas y que en suelo designado como urbano puede haber fincas rústicas. Entendemos que las circunstancias a las que se refiere el apelante no alteran las conclusiones del tribunal sentenciador con respecto a la naturaleza urbana de la finca que nos ocupa.

Veamos el cuarto señalamiento de error en el cual se impugna la condena de honorarios de abogado. Al dictar la sentencia apelada el Tribunal de Primera Instancia condenó al apelante a pagar *"honorarios de abogado por su temeridad"*, sin determinar ninguna partida específica por ese concepto.

Es una doctrina firmemente establecida que la imposición de honorarios de abogado es discrecional del tribunal sentenciador. *Raluan Corp. v. Feliciano,* 111 D.P.R. 598 (1981), pero la Regla 44.1(d) de Procedimiento Civil dispone que cuando una parte ha procedido con temeridad el tribunal deberá imponer honorarios de abogado. Determinada la existencia de temeridad, la condena de honorarios es imperativa. *Montañez Cruz v. Metropolitan Cons. Corp.,* 87 D.P.R. 38 (1962); *Ortiz v. Martorell,* 80 D.P.R. 544 (1958). Nuestra jurisprudencia ha definido la temeridad como toda aquella conducta que haga necesario un pleito que se puede evitar, que lo prolongue innecesariamente o requiera a la otra parte efectuar gestiones innecesarias. *Elba A.B. v. Universidad de P.R.,* 125 D.P.R. 294 (1990); *Fernández v. San Juan Cement Co.. Inc.,* 118 D.P.R. 713 (1987).

Examinada la actuación del tribunal sentenciador al condenar al pago de honorarios de abogado sin fijar ninguna partida por ese concepto, entendemos que la referida actuación equivale a una ausencia de imposición de honorarios de abogado.

Por otro lado, coincidimos con el apelante que su conducta procesal no amerita una condena en honorarios de abogado. El apelante estipuló una serie de hechos que de otra manera hubieran requerido la presentación de prueba. La conducta del apelante al litigar el presente caso no acusa obstinación, contumacia e insistencia en una actitud frívola o desprovista de fundamento. *Fernández v. San Juan Cement Co. Inc., supra.*

## III

Por los fundamentos antes expresados, se modifica la sentencia para eliminar la parte en la cual el tribunal sentenciador expresa que impone honorarios de abogado por temeridad, y así modificada, se confirma.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 97 DTA 119**

**1.** Los hechos expuestos en este párrafo fueron estipulados por las partes.